

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CINDEE MACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | C. A. No. _____ |
| v. | § | **301-CV2125-R** |
| | § | |
| CENTER OPERATING COMPANY, | § | (Jury Trial Demanded) |
| | § | |
| Defendant | § | |
| | § | |
| | § | |
| | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, CINDEE MACK, complaining of Defendant, CENTER OPERATING COMPANY ("COC"), ( referred to herein as "Defendant") and in support thereof would show as follows:

### I.
### JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, its related anti-retaliation regulations, and common law causes of action as pled below.

2. CINDEE MACK ("Plaintiff") is an individual who resides in Dallas County, Texas.

Plaintiff, female, is a member of a group protected by Title VII and was at all relevant times an employee within the meaning of the applicable statute. Defendant, CENTER OPERATING COMPANY, is a corporation with its corporate offices located in Dallas, Dallas County, Texas. Defendant is now conducting business (and has continuously been conducting business) in the State of Texas. Defendant has continuously had more than 15 employees at all times relevant to these causes of action. Defendant may be served with process by serving its registered agent, Brad Mayne, 1845 Woodall Rodgers Freeway, Suite 1700, Dallas, Texas 75201.

3. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

4. The unlawful employment practices asserted in this complaint herein wholly or partly arose in the Northern District of Texas, Dallas Division. Venue is appropriate in this Court.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff Cindee Mack filed a Charge of Discrimination with the U. S. Equal Employment Opportunity Commission on or about October 16, 2000. A copy of the charge is attached hereto as Exhibit "A" and incorporated by reference. In that Charge, No. 310 A1 0523, Plaintiff asserted that she was discriminated against because of her race (African-American) and gender (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, and was retaliated against because she engaged in protected activity contrary to Title VII's

anti-retaliation provisions.

6. The U. S. Equal Employment Opportunity Commission issued a Right to Sue Notice authorizing this lawsuit. A copy of the Right to Sue Notice is attached hereto as Exhibit "B" and is incorporated herein by reference. Plaintiff has exhausted her administrative remedies and files this suit within the statutory limitations period.

### III.
### FACTUAL BACKGROUND

7. Cindee Mack began her employment with CENTER OPERATING COMPANY at its 1845 Woodall Rodgers Freeway location in Dallas, Texas. During those relevant dates made the basis of this suit, she worked under the supervision of Craig Courson as a Human Resources Specialist.

8. Plaintiff was subjected to a racially hostile and offensive work environment, which consisted of constant badgering, humiliation, epithets, stereotyping, comparisons and differential treatment lodged solely because of race - African-American.

9. Plaintiff and other African-American employees informed management that they were not treated the same as other Anglo-American coworkers.

10. Specifically, Plaintiff voiced opposition to management regarding the hiring practices of patently less qualified Anglo-American candidates over their more qualified African American counterparts.

11. Specifically, Plaintiff voiced opposition to management regarding the significant variance in pay of Anglo-American employees versus their African-American counterparts with the same or similar job function.

12. Specifically, Plaintiff voiced opposition to management regarding the significant variance in management positions held by Anglo-American employees versus their African-American counterparts.

13. Specifically, Plaintiff informed management that it was not maintaining the commitment outlined by the Arena Fair Share Agreement relating to conducting business with minority-owned vendors in favor of white-owned vendors.

14. Specifically, Plaintiff and other African-American employees voiced opposition to management of selective policy enforcement (ie. discipline, grievance and termination) which favored Anglo-American employees over African-American employees.

15. Plaintiff was subjected to a hostile and offensive work environment, which consisted of constant humiliation, stereotyping, comparisons and differential treatment lodged solely because of gender -- female.

16. Plaintiff voiced opposition to management that females were not treated the same as other male coworkers.

17. Specifically, Plaintiff voiced opposition to management of the significant variance in managerial positions held by female employees in comparison to much favored male employees.

18. Specifically, Plaintiff voiced opposition to management that qualified female applicants were not being hired in favor of patently less qualified male applicants.

19. Specifically, Plaintiff voiced opposition to management regarding the significant variance in pay of male employees versus their female counterparts with the same or similar job function.

20. Specifically, Plaintiff complained on her own behalf of disparate treatment and management's refusal to appropriately reward her of the job title, remuneration and authority of one performing the tasks that she performed. Despite Plaintiff's experience and skill, another person, outside the protected class, received the job title, remuneration and authority that Plaintiff sought.

21. Defendant's agents, representatives, and employees made light of reports from outside consultants corroborating Plaintiff's claims of discrimination and blatant employment disparities based on race and gender.

22. As a result of Plaintiff's open opposition to Defendant's equal employment opportunity violations, management officials made references to Plaintiff as "Malcolm X".

23. Consequently, Plaintiff was singled out for discipline by using selective policy enforcement.

24. As a result of the maltreatment, Plaintiff became ill. Thereafter, Plaintiff's medical provider ordered that she not return to work for a spell.

25. Despite giving appropriate notice of such mandate by health care professionals, management continued to harass Plaintiff at her home and in her time of sickness.

26. Moreover, management asked an employee to spy on Plaintiff and then illegally fired the employee for not doing so.

27. Unable to sustain the hostile work environment, Plaintiff was forced to resign.

28. The effect of the practices complained of in paragraphs 7-27, above, has been to deprive Plaintiff and other African-Americans and women of equal employment opportunities, to punish those persons who oppose such illegal violations, and otherwise adversely affect their status as employees, because of their race and sex.

## IV.
## CAUSES OF ACTION

**A.  Race Discrimination**

29. Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 7 through 28 and incorporate the same herein as though fully set forth.

30. Defendant, through its agents, supervisors, or employees, engaged in a pattern and practice of unlawful race discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

31. The above-described racially disparate treatment created an intimidating, oppressive, hostile and offensive work environment, which interfered with Plaintiff's emotional and physical well-being.

32. Defendant violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its managers as described in paragraphs 7 through 28.

33. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered adverse employment actions or decisions including, but not limited to her forced resignation.

34. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered and will continue pain and suffering, and extreme and severe mental anguish and emotional distress; and Plaintiff has suffered and will continue to suffer a loss of earnings

and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

35. As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and have thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorney's fees be awarded pursuant to Title VII.

**B.  Sex Discrimination**

36. Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 7 through 28 and incorporates the same herein as though fully set forth.

37. Defendant, through its agents, supervisors, or employees, engaged in a pattern and practice of unlawful sex discrimination by subjecting Plaintiff to differential treatment because of her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended.

38. The above-described discrimination based on sex created an intimidating, oppressive, hostile and overtly offensive work environment, which interfered with Plaintiff's emotional and physical well-being.

39. Defendant, at all times relevant hereto had actual and constructive knowledge of the conduct described in the paragraphs above in large part because of the extraordinary efforts to inform management and oppose such illegal behavior and because of the open and obvious nature of the misconduct.

40. As a result of the hostile and offensive work environment perpetrated by Defendant, through its agents, supervisors, or employees and maintained by Defendant's failure to protect Plaintiff from further discrimination, Plaintiff suffered severe emotional distress and physical injury.

41. Defendant violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and omissions as described in the paragraphs above.

42. Defendant failed to comply with its statutory duty to promptly take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

**43.** As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered and will continue to suffer pain and extreme and severe mental anguish and emotional distress; and she has suffered and will continue to suffer a loss of earnings and/or other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

44. As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorney's fees be awarded pursuant to Title VII.

45. The unlawful employment practices of which Plaintiff complains in the preceding paragraphs were intentional.

C. **Section 1981 Violation**

46. Plaintiff repeats and re-alleges by reference each and every allegation contained in Paragraphs 7 through 28 and incorporate the same herein as though fully set forth.

47. Defendant, through its agents, supervisors, or employees, violated Plaintiff's civil rights in violation of 42 U.S.C. 1981, by intentionally interfering with Plaintiff's performance of her employment because of her race.

48. This intentional interference consisted of discrimination of a continuous nature until Plaintiff was forced to resign.

49. Defendant, through its agents, supervisors, or employees, discriminated against Plaintiff which led to the loss and impairment in whole or part, of the wages, benefits, promotions, privileges, and terms and conditions of Plaintiff's employment.

50. The above-described acts on Defendant's part caused Plaintiff substantial injury and damage.

D. **Retaliation**

51. Plaintiff repeats and re-alleges the allegations contained in paragraphs 7 through 28 and incorporates the same by reference as though fully set forth herein.

52. After complaining to management of maltreatment of employees, including herself, based on race and sex, Plaintiff was subsequently and repeatedly harangued and forced to resign.

53. As herein alleged, Defendant illegally retaliated against Plaintiff by subjecting Plaintiff to unjust harassment solely because she opposed the race and sex-based maltreatment of

herself and other employees to management. Defendant had no legitimate business reasons for any of such acts. Each act of retaliation is in violation of Title VII, Section 1981 and Equal Pay Act's anti-retaliation provisions.

54. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination and retaliation against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

55. The above-described acts on Defendant's part were undertaken in violation of Title VII, Section 1981 and Equal Pay Act and proximately caused Plaintiff substantial injuries and damages.

### E. Intentional Infliction of Emotional Distress

56. Plaintiff repeats and re-alleges by reference each and every allegation contained in Paragraphs 7 through 28 and incorporate the same herein as though fully set forth.

57. In failing to protect Plaintiff from the continuing race and sex-based discrimination and other offensive conduct of its agents, supervisors, or employees Defendant abused its special position as Plaintiff's employer and/or superior which vested them with substantial power to control her work environment and to damage her interest and well-being.

58. Through the outrageous conduct described above, Defendant, its agents, supervisors, or employees acted with the intent to cause, or with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

59. As a direct and proximate result of Defendant's actions, Plaintiff suffered severe emotional distress, including but not limited to severe depression, anxiety, highly unpleasant mental

reactions such as horror, grief, shame, humiliation, embarrassment, anger, chagrin, etc. The distress inflicted upon Plaintiff is so severe that no reasonable person could be expected to endure it without undergoing unreasonable suffering. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

60. Defendant, its agents, supervisors, or employees' conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights. Defendant, through its officers, managing agents, and supervisors, authorized, condoned and ratified the unlawful conduct as detailed herein in this action.

**F.  Negligent Retention And Negligent Supervision**

61. Plaintiff repeats and re-alleges by reference each and every allegation contained in Paragraphs 7 through 28 and incorporates the same herein as though fully set forth.

62. Defendant breached its duty of reasonable care with regard to retaining agents, supervisors, or employees in positions where such agents, supervisors, or employees violate federal law, particularly Title VII and its related regulations prohibiting discrimination, retaliation and the common law causes of action pled herein.

63. Beginning early on and continuing thereafter, Defendant knew, or reasonably should have known, that it engaged in the unlawful behavior described herein above.

64. At all times material herein, Defendant knew, or reasonably should have known, that the conduct, acts, and omissions of all supervisors, agents and/or employees as described herein above violated Plaintiff's rights under federal, state and/or municipal statutes, codes and ordinances.

65. At all times material herein, Defendant knew, or reasonably should have known, that the

incidents, conduct, acts, and omissions described herein above, would and did proximately result in personal injury and emotional distress to Plaintiff, including, but not limited to, loss of sleep, anxiety, tension, depression, fright and humiliation.

66. At all times material herein Defendant knew, or in the exercise of reasonable care should have known, that unless Defendant intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and omissions, of all supervisors, agents or employees as alleged herein above, said conduct, acts, and omissions would continue, thereby subjecting Plaintiff to further personal injury and emotional distress.

67. Defendant knew, or in the exercise of reasonable care should have known, that unless Defendant intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and omissions as described herein, Defendant's failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and omissions.

68. At all times material herein, Defendant had the power, ability, authority, and duty to so intervene, supervise, prohibit, control, regulate, discipline, and/or penalize the conduct of all supervisors, agents or employees as described herein above.

69. Despite said knowledge, power, and duty, Defendant negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and omissions, or to otherwise protect Plaintiff.

70. As a direct and proximate result of the failure of Defendant to protect Plaintiff, and to

adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and omissions of all supervisors, agents or employees as alleged herein above, said conduct, acts, and omissions were perceived by them as, and in fact had the effect of, ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening said conduct, acts, and omissions.

71. At all times material herein, the failure of Defendant to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and omissions of all supervisors, agents or employees violated Plaintiff's rights under federal, state, and municipal statutes, codes and ordinances.

72. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

73. It was at all times relevant and remains foreseeable that such agent, representative and/or employee of Defendant would be in a position to discriminate against and otherwise cause injury to persons in various employment positions, particularly persons such as Plaintiff, who is a member of a class intended to be protected by federal law. Therein, Defendant breached its duty of care when retaining such managers, and is directly liable for its own negligence in retaining unfit or incompetent supervisors and employees.

**G. Constructive Discharge**

74. Plaintiff repeats and re-alleges by reference each and every allegation contained in Paragraphs 7 through 28 and incorporate the same herein as though fully set forth.

75. Defendants, through agents, supervisors, or employees forced Plaintiff to separate from Defendant by intentionally interfering with Plaintiff's performance of her employment because of her race and sex and because she opposed such illegal behavior.

76. This intentional interference consisted of discrimination of a continuous nature until Plaintiff felt compelled to terminate her employment with Defendant. The intolerable working conditions endured by Plaintiff was such that a reasonable person would have felt forced to resign because of the inhumane terms and conditions of employment to which Plaintiff was subjected to.

77. Defendants, through agents, supervisors, or employees discriminated against Plaintiff which led to the loss and impairment in whole or part, of the wages, benefits, promotions, privileges, and terms and conditions of Plaintiff's employment.

78. The above-described acts on Defendant's part caused Plaintiff substantial injuries and damages.

**H.   INVASION OF PRIVACY**

79. Plaintiff repeats and re-alleges by reference each and every allegation contained in Paragraphs 7 through 28 and incorporates the same herein as though fully set forth.

80. Defendant unreasonably intruded upon the seclusion or private affairs of Plaintiff by prying and intruding in a manner offensive or objectionable to a reasonable person into a place or into affairs that are private and are entitled to be private.

81. As a direct and proximate result of the failure of Defendant to protect Plaintiff from such intrusion, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and omissions of all supervisors, agents or employees

as alleged herein above, said conduct, acts, and omissions were perceived by them as, and in fact had the effect of, ratifying, encouraging, condoning, exacerbating, ignoring, increasing, and/or worsening said conduct, acts, and omissions.

82. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial

## I. EQUAL PAY ACT

83. Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 7 through 28 and incorporates the same herein as though fully set forth.

84. Defendant, through its agents, supervisors, or employees, engaged in a pattern and practice of paying differential wages to employees of the opposite sex despite the fact that such persons performed the same or similar work which required equal skill, effort and responsibility under similar working conditions.

85. The above-described discrimination based on sex created an intimidating, oppressive, hostile and overtly offensive work environment, which interfered with Plaintiff's emotional and physical well-being.

86. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered and will continue to suffer pain and extreme and severe mental anguish and emotional distress; and she has suffered and will continue to suffer a loss of earnings and/or other employment benefits and job opportunities. Plaintiff is thereby entitled to general and

compensatory damages in amounts to be proven at trial.

87. As a further direct and proximate result of Defendant's violation, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorney's fees be awarded.

## V.
## JURY DEMAND

88. Plaintiff requests that this action be heard before a jury.

## VI.
## DAMAGES

89. Defendant's conduct constitutes violations of statutory and common law. That unlawful conduct seriously affected Plaintiff in her occupation, trade and business. Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will suffer in the future humiliation, mental anxiety and stress, and other damages. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages all in an amount to be proved at trial.

90. Because of Defendant's unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned attorney to represent her in these causes of action. Plaintiff has agreed to pay the attorney reasonable attorney's fees for the preparation and trial of the causes, and further for any appeal thereof should same become necessary.

91. Additionally, Plaintiff has suffered out-of-pocket expenses, which include litigation costs; and other expenses to preserve her ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

92. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant does not promptly tender damages assessed against it and to avoid unjustly enriching Defendant.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights.

b. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement, front pay, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering;

d. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

e.  Reasonable attorney's fees, with conditional awards in the event of appeal;

f.  Pre-judgment interest at the highest rate permitted by law;

g.  Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h.  Costs of court; and

i.  Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any amendment hereto.

DATED: October ___, 2001.

Respectfully submitted,

KATRINA PATRICK
State Bar No. 00797218
ND: licensed
5177 Richmond Ave., Suite 1275
Houston, Texas 77056
Telephone: (713) 796-8218
Facsimile: (713) 960-0555

ATTORNEY FOR PLAINTIFF
CINDEE MACK