

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CINDEE MACK, | § | |
| Plaintiff, | § § | |
| vs. | § § | C. A. No. 301-CV-2125-R |
| CENTER OPERATING COMPANY, | § § | |
| Defendant. | § § | (Jury Trial Demanded) |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE ITS FIRST AMENDED ANSWER

Plaintiff Cindee Mack, files this Response to Defendant's Motion for Leave to File Its First Amended Answer and in support thereof would show the Court as follows:

### I.

### PROCEDURAL BACKGROUND

In October of 2001, this action was brought by Plaintiff, a former employee of Defendant Center Operating Company, L.P. in Dallas, Texas. Plaintiff was subjected to, among other things, race and gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, Equal Pay Act and Section 1981.

The trial schedule, at least before the Court's stay of all proceedings, was as follows: docket call for January, 2003 and discovery until September 16, 2002. The parties to this lawsuit were permitted to amend their pleadings without filing a motion with the Court prior to May 3, 2002.



On August 5, 2002, after the Plaintiff was deposed and initial written discovery has been exchanged, Defendant filed a Motion for Leave to File Its First Amended Answer to include the defense of workers' compensation preemption and the *Kolstad* defense.

More importantly, Plaintiff has, since October 22, 2001 (some 10 months ago), asserted a claim for Negligent Retention And Negligent Supervision and a prayer for punitive damages, for which Defendant now seeks to add new defenses. *See Plaintiff's Original Complaint.*

## II.

## ARGUMENT

Although leave to amend is "freely given when justice so requires," it is "by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); Fed. R. Civ. P. 15(a). Indeed, the "liberality of Rule 15(a) does not mean that amendments will be allowed regardless of the diligence of the moving party." *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982) (finding no abuse of discretion in the district court's denial of moving party's motion to amend his complaint where the moving party knew or should have known about the proposed amendment at the time he filed his original complaint and where the moving party's attorney proffered no satisfactory reason for failing to include the proposed amendment in the original complaint), *vacated on other* grounds, 459 U.S. 810 (1982).

For example, courts routinely deny motions for leave to amend where the moving party knew of the facts supporting the proposed amendment at the time it filed the original pleading, yet failed to include the information in the original pleading and offered no good excuse. *Matter of Southmark Corp.*, 88 F.3d 311, 315-16 (5th Cir. 1996) (affirming the bankruptcy court's decision to deny leave to amend where the moving party sought leave to add a cause of action based on the identical facts that underlie its original complaint and offered no reasonable explanation for its delay in amending its complaint); *Pope v. MCI Telecommunications Corp.*, 937 F.2d 258, 263

(5th Cir. 1991) (holding that the court did not abuse its discretion in refusing to permit amendment to complaint where, among other things, the moving party's proposed amendment was based upon the same facts as her previous claims); *Clemmer v. Enron Corp.*, 882 F. Supp. 606, 609 (S.D. Tex. 1995) (denying movant the right to amend her employment discrimination complaint where, among other things, the "same facts and transactions [gave] rise to the new causes of action as to the prior claims"); *Nat'l Serv. Indus., Inc. V. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982) (finding no abuse of discretion to deny leave to amend pleading where party knew of facts supporting the proposed amendment at the time it filed the original pleading); *Ferrel v. Busbee*, 91 F.R.D. 225, 231-32 (N.D. Ga. 1981) (holding in an employment discrimination case that the movant would not be entitled to amend his complaint where moving party knew the facts upon which the amendment was based at the time the original complaint was filed).

In the instant case, Defendant should similarly not be permitted to amend its answer at this late stage because Defendant knew or should have known of the defenses (workers' compensation presumption and *Kolstad*) to the well-documented and long-go established claims and prayer of Plaintiff. Despite Defendant's prior knowledge of Plaintiff's claim and prayer giving rise to the workers' compensation preemption and *Kolstad* defenses, Defendant failed to include this information in its Original Answer. Clearly, Defendant was aware of the essence of Plaintiff's claim and prayer as early as October 2001. Accordingly, allowing Defendant to now amend its answer when it was or should have been aware of its defenses is not only unequitable but would severely prejudice Plaintiff because of the following:

1. Discovery is set to conclude on September 16, 2002 (Plaintiff will need additonal time to conduct and, in light of Defendant's recalcitrance in providing responses, compel discovery sufficient to rebut theses new defenses.)

2. Plaintiff will be unable to amend her Complaint because the deadline for amended pleadings was May 3, 2002 (Plaintiff would like to amend her complaint to include a

cause of action that she did not plead. Moreover, when defense counsel informed the undersigned that she wished to add the new defense of worker's compensation preemption, the undersigned responsed that she too would like to amend Plaintiff's complaint. Needless to say, Defendant opposed the idea.);

3. At least before the Court's stay orders, Summary Judgment Motions and Replies are quickly approaching;

4. Plaintiff is of limited resources to prepare for the defenses Defendant now seeks to include; and

5. Defendant has delayed in providing complete discovery responses and has further burdened Plaintiff by postponing depositions of fact witnesses under Defendant's control.

Also, Defendant offers no reasonable explanation for why it failed to amend its answer at an earlier date. *Southmark*, 88 F.3d at 316 (noting that no reasonable explanation for the delay in amending the complaint was offered; *Clemmer*, 882 F. Supp. at 609 (noting that new facts were not uncovered during discovery which necessitated the amendment); *Ferrel*, 91 F.R.D. at 231-232 (refusing to grant leave to amend where the moving party's only argument in support of his motion to amend was that he inadvertently failed to include all issues which should have been included in his original complaint). In its Motion, Defendant asserts, in a conclusory fashion, that it seeks to amend its answer based "on information learned in [Plaintff's] deposition." Yet, there is no "new" or unknown information. Defendant simply failed to exercise diligence.

## III.

## CONCLUSION

For the foregoing reasons, Plaintiff Cindee Mack, respectfully pray that Defendant's Motion for Leave to File Its First Amended Answer be DENIED.

Respectfully submitted,

_____
KATRINA PATRICK
State Bar No. 00797218
5177 Richmond Ave., Suite 1275
Houston, Texas 77056
Telephone: (713) 796-8218
Facsimile: (713) 960-0555

ATTORNEY FOR PLAINTIFF
CINDEE MACK

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served on all counsel of record by certified mail, return receipt requested on the __5th__ day of September, 2002.

Ellen L. Perlioni
Littler Mendelson
2001 Ross Avenue
Suite 2600; Lock Box 116
Dallas, Texas 75201

_____
Katrina S. Patrick